### UNITED STATES of America

v.

### Javier HERNANDEZ–RUIZ.

### No. CR 92–560 TUC JMR.

United States District Court, D. Arizona.

Oct. 26, 1992.

Virginia Kelly, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Frank R. Zapata, Federal Public Defender, Tucson, AZ, for defendant.

## ORDER

ROLL, District Judge.

Defendant Javier Hernandez–Ruiz filed a motion to suppress statements made following his apprehension for illegal entry into the United States. An evidentiary hearing was conducted. Thereafter, counsel were invited to submit memoranda of law. The Court having considered the evidence presented at the hearing on the motion to suppress evidence and the memoranda submitted by counsel, for the reasons set forth below the motion to suppress statements is granted.

## FACTS

On July 20, 1992, defendant Hernandez–Ruiz, a suspected undocumented alien, was apprehended in Nogales, Arizona, by United States Border Patrol Agents. According to the government's witness at the hearing on the motion to suppress statements, the defendant attempted to resist arrest and was handcuffed. He was placed in a vehicle and transported to the Border Patrol Office. At that office, he was informed of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although the defendant acknowledged receipt of his rights, he declined to sign a portion of the form indicating that he agreed to waive those rights. Without ascertaining whether the defendant was willing to waive his *Miranda* rights despite his reluctance to sign the waiver form, an agent questioned the defendant. The defendant then answered questions regarding his place of birth, immigration status, and prior deportations.

Defendant argues that he did not waive his *Miranda* rights and that the biographical questions asked of him, under the circumstances, constituted custodial interrogation encompassed by *Miranda*.

## APPLICABLE LAW

The mere fact that a suspect declines to sign a written waiver of rights does not automatically render subsequent questioning improper. *United States v. Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir.1987). Furthermore, the routine gathering of biographical information does not constitute interrogation automatically triggering the requirements of *Miranda*. *United States v. Disla*, 805 F.2d 1340, 1347 (9th Cir.1986); *United States v. Perez*, 776 F.2d 797, 799 (9th Cir.1985).

The Ninth Circuit has stated that "the 'ultimate test for whether questioning constitutes interrogation is whether, in light of all the circumstances, the police should have known that a question was reasonably likely to elicit an incriminating response.' " 805 F.2d at 1347 (quoting *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir.1981)). Biographical information obtained from a defendant following invocation of his *Miranda* rights may constitute interrogation for purposes of *Miranda* when that information relates directly to the elements of the crime with which the defendant is charged. *United States v. Gonzalez–Sandoval*, 894 F.2d 1043, 1046–47 (9th Cir. 1990); *United States v. Equihua–Juarez*, 851 F.2d 1222, 1226–27 (9th Cir.1988).

In *Equihua–Juarez*, a defendant was arrested for illegal entry and then was asked biographical information questions. The Ninth Circuit observed that because Equihua–Juarez was a suspected alien, and the questions asked of him were intended to elicit information which could be used in a criminal investigation and prosecution, this questioning constituted interrogation. *Equihua–Juarez*, 851 F.2d at 1226–27. In *Gonzalez–Sandoval*, the defendant was arrested based upon suspicion that he was an illegal alien. Without advising the defendant of his *Miranda* rights, a border patrol

agent asked biographical questions of him. Once again, the Ninth Circuit ruled that under these circumstances, such questioning constituted custodial interrogation requiring compliance with *Miranda.*

■ In the instant case, defendant Hernandez–Ruiz was suspected of immigration violations. He was placed under arrest, handcuffed, and transported to the Border Patrol Office. At that office, his *Miranda* rights were administered to him but, although he signed that portion of the form indicating that he had been advised of his rights, he declined to sign the portion of the form indicating that he would waive those rights. The defendant never verbally stated that he would answer the agent's questions. The government has the burden of proving a defendant's waiver of his *Miranda* rights, and waiver must be established by a preponderance of the evidence. *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The government's proof does not rise to this level.

### CONCLUSION

For the reasons set forth above,

IT IS ORDERED that defendant's motion to suppress post-arrest statements is GRANTED.